Submitted on briefs at Pendleton May 4, affirmed August 30, 1927.

## W. G. FORDHAM *v.* CAREY S. STEARNS.

### (258 Pac. 822.)

**Schools and School Districts—"School Districts" are Subdivisions of County for School Purposes, and Districts Having Less Than 200 Children are of Third Class in Which Director and Clerk are Elected Annually for Three and One Years, Respectively (Or. L., §§ 5145, 5146 and 5136, as Amended by Laws 1925, p. 282).**

1. For school purposes every county in state is divided into subdivisions known as "school districts," and under Sections 5145, 5146, Or. L., districts having less than 200 children of school age are of third class, in which director and clerk are elected annually at school meeting, term of director being three years and that of clerk one year, under Section 5136, as amended by Laws of 1925, page 282.

**Elections—Candidate's Announcement at School Election as to What He Would Do if Elected Held not Violation of Corrupt Practice Act (Or. L., §§ 4131, 4142, 4145; Const., Art. I, § 8).**

2. Under Constitution, Article I, Section 8, securing freedom of speech, and Section 4131, Or. L., providing that candidate may publicly announce or define what is his choice or purpose in relation to any election, announcement by candidate for school director that if elected he would be in favor of retaining certain teachers was not violation of Section 4142, defining corrupt practice in elections, or Section 4145, prohibiting electioneering on election day.

**Elections—Corrupt Practice Act was Designed to Prevent Corruption and to Guarantee Purity in Elections.**

3. Corrupt Practice Act (Or. L., § 4113 et seq.) was designed to prevent corruption and to guarantee purity in elections.

---

Constitutional Law, 12 C. J., p. 952, n. 63, 67.
Elections, 20 C. J., p. 184, n. 17, 25, p. 185, n. 52 New.

From Deschutes: WALTER H. EVANS, Judge.

In Banc.

This is an appeal from a judgment entered by the Circuit Court dismissing a case arising out of the election of a school director in School District No. 4 of Deschutes County, Oregon, a district of the third class. The only specification of error assigned on appeal is error of the court in granting a judgment against the contestant and in favor of the contestee.                                    AFFIRMED.

For appellant there was a brief over the name of *Mr. R. B. Parsons.*

For respondent there was a brief over the name of *Mr. R. S. Hamilton.*

BROWN, J.—The case was tried under the following stipulation of facts:

"That on Tuesday, the 20th day of April, 1926, a regularly called special meeting of the electors of School District No. 4 of Deschutes County, Oregon, was held in La Pine, within said district, for the sole purpose of electing a member of the school board for said district;

"That said meeting was presided over by one E. L. Clark, as chairman thereof, who stated the purpose of the meeting, and that thereupon Carey S. Stearns, the contestee herein, and one J. Frank Bogue were duly nominated for said office, after which the nominations were closed and ballots passed to the electors then and there present;

"That subsequent to the closing of nominations, Carey S. Stearns, the contestee herein, arose and asked permission of the presiding officer to make a statement to the voters then present, to which W. G. Fordham, the contestant herein, objected; which objection was overruled by the presiding officer with

the statement that he would allow the other nominee to make a statement;

"That thereupon the said Carey S. Stearns made this statement, or a statement to the same effect:

" 'I was a member of the school board which brought Mr. and Mrs. Howard here as teachers, and I believe we have had the best school we ever had, and I want to see them remain in the school. If you want Mr. and Mrs. Howard to teach this next year, then you should vote for me; if you don't want them vote for Frank Bogue.'

"That immediately subsequent to such statement by the contestee herein, the said J. Frank Bogue made a statement in the following words, or words to the same effect:

" 'I have been asked, by several people, to run for this office, and I will say that if I am elected there will be a change of teachers.'

"Whereupon the ballots were then cast by the electors present, with the result that Carey S. Stearns received 50 votes for said office, and the said J. Frank Bogue received 42 votes."

1. For school purposes every county in this state is divided into subdivisions known as school districts. Those districts having therein less than 200 children of school age are districts of the third class: Or. L., §§ 5145, 5146. In districts of this class a director and a clerk are elected annually at the school meeting, the term of the director being three years, that of the clerk one year: Or. L., § 5136, as amended by Chap. 188, Gen. Laws of Oregon 1925.

Section 4142, Or. L., defines corrupt practice in the nomination and election of candidates as follows:

"Any person shall be guilty of a corrupt practice within the meaning of this act if he expends any money for election purposes contrary to the provisions of any statute of this state, or if he is guilty of treating, undue influence, personation, the giving

or promising to give, or offer of any money or valuable thing to any elector with intent to induce such elector to vote for or to refrain from voting for any candidate for public office, or the ticket of any political party or organization, or any measure submitted to the people, at any election, or to register or refrain from registering as a voter at any state, district, county, city, town, village or school district election for public offices or on public measures."

2. Section 4145, Or. L., prohibits electioneering on election day, and provides a penalty therefor. Section 4131 denounces as unlawful the making of a promise to appoint another person to any public or private position or employment for the purpose of promoting the election of the nominee. But that section further provides that such candidate "may publicly announce or define what is his choice or purpose in relation to any election in which he may be called to take part if elected."

Now, recurring to the statement of the contestee, wherein he is accused of violating the wholesome statute known as the Corrupt Practice Act: At the meeting hereinbefore referred to, the alleged offender made the following declaration to his neighbors and constituents:

"I was a member of the school board which brought Mr. and Mrs. Howard here as teachers, and I believe we have had the best school we ever had, and I want to see them remain in the school. If you want Mr. and Mrs. Howard to teach this next year, then you should vote for me; if you don't want them, vote for Frank Bogue."

His opponent then took the floor and said:

"I have been asked by several people to run for this office, and I will say that if I am elected there will be a change of teachers."

3. From the foregoing statements, we see the real issue between the candidates. Each declared his principle. Neither was engaged in unlawful electioneering. This was not a violation of the Corrupt Practice Act, but was clearly within the privilege of the candidate as defined by Section 4131, Or. L. The Corrupt Practice Act was designed to prevent corruption and to guarantee purity in elections, and not for the purpose of preventing a man from properly defining his principles. It is not in the interest of the public welfare for a candidate for any office to keep his constituents in ignorance of his views.

The complaint in this case must be considered in the light of Section 8, Article I, Or. Const., reading:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

This case is affirmed.                          AFFIRMED.